IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ROBERT L. BOOTHMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 09-0499-CV-W-ODS |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## ORDER AND OPINION AFFIRMING COMMISSIONER'S FINAL DECISION DENYING BENEFITS

Pending is Plaintiff's request for review of the final decision of the Commissioner of Social Security denying his applications for disability and supplemental security income benefits. The Commissioner's decision is affirmed.

Plaintiff was born in March 1958 and completed high school. He has prior work experience as a construction laborer, carpenter, steel fabricator, machine operator, and forklift operator. The issue raised on appeal is rather narrow: Plaintiff discusses his medical history and testimony but does not challenge any of the ALJ's factual findings regarding Plaintiff's residual functional capacity. Accordingly, the Court will not exhaustively discuss these matters.

Plaintiff alleges he became disabled when he suffered a gunshot wound to his right shoulder in May 2004. He underwent surgery, but pieces of shrapnel remain in his shoulder. He filed for benefits in January 2005, alleging he suffered continued pain and weakness in his right arm and hand. A consultative exam was performed in April 2005, at which time Plaintiff reported could sit for eight hours a day, stand for seven hours a day, and walk three hours continuously. He reported problems "feeling and holding objects in his right hand." The consultant confirmed evidence of weakness in Plaintiff's right hand and limitations in his ability to reach overhead. Other than this weakness Plaintiff retained "good use of his hand," retained a full range of motion, and exhibited no signs of muscle atrophy. R. at 236-42. In April 2006 he reported pain in his shoulder but

denied numbness or weakness.  He was referred to physical therapy but did not appear for his first appointment.  R. at 253-54.

The Record also reflects Plaintiff has worked in construction jobs: not enough to qualify as substantial gainful activity but enough to be considered among his daily activities.  The Record also contains numerous references to the fact that Plaintiff was looking for work and that he owned and drove a motorcycle.

The ALJ relied on these (and other) facts in the Record to reject Plaintiff's testimony that he frequently drops things held in his right hand, has difficulty walking more than fifteen steps (or two blocks), and could sit or stand for no more than thirty minutes each.  The ALJ found that Plaintiff's testimony was contradicted by the absence of similar statements to medical professionals, contrary statements he made in April 2005, his ability to operate a motorcycle and perform work duties at a construction site, and the absence of medical findings supporting his claims.  The ALJ determined Plaintiff retained the residual functional capacity to perform light work except he could lift no more than fifteen pounds, had no limits on standing or walking but required a sit/stand option, was limited in his ability to reach and had mild weakness in his hand but retained good fine motor control.  As noted earlier, Plaintiff does not challenge these findings.[1]

The ALJ solicited testimony from a vocational expert ("VE").  The VE was first asked to assume a person of Plaintiff's age, education and work history with the limitations described above.  The VE testified such a person could not perform his past relevant work because his past work required the ability to perform at higher exertional levels.  The VE was then asked if there are other jobs in the national economy such a person could perform.  The VE testified the person described could perform the work of a cashier, security system monitor, or dowel inspector.  When asked to provide the number of jobs that exist, the VE testified that the number of cashier positions would have to be reduced to reflect Plaintiff's need for a sit/stand option.  No reduction of the other

---

[1] While the issue has not been presented, the Court believes this summary demonstrates substantial evidence supports the ALJ's decision.

positions would be required because they permitted a sit/stand option.  Thus, the VE testified the number of positions were as follows:

| Job | Number in Missouri | Number in the Nation |
|---|---|---|
| Cashier | 2,100 | 300,000 |
| Security System Operator | 2,000 | 100,000 |
| Dowel Inspector | 300 | 32,000 |

Plaintiff claims the ALJ erred in relying on the Medical-Vocational Guidelines to determine Plaintiff could perform work.  This is not an accurate description of what the ALJ did.  The ALJ started by ascertaining Plaintiff could not perform work above the light level of exertion, then recognized Plaintiff had non-exertional impairments that precluded use of the guidelines.  The ALJ then elicited the testimony of a vocational expert and relied on that testimony.  There was no procedural error.

In a seemingly contradictory argument, Plaintiff contends the number of jobs identified by the VE was not significant.  He offers no legal support for this claim; instead, he relies on the VE's statement that the number of cashier positions had to be reduced.  The mere fact that the number had to be reduced does not indicate the resulting number is not significant.  Plaintiff also ignores the other positions identified by the VE.  Finally, the Commissioner does not need proof of a particular number to support a conclusion that a significant number of jobs exist.  Jenkins v. Bowen, 861 F.2d 1083, 1087 (8th Cir. 1988); see also Johnson v. Chater, 108 F.3d 178, 180 (8th Cir. 1997).   Plaintiff has not discussed the factors identified in Jenkins, but the Court has.  The Commissioner's determination that there are a significant number of jobs Plaintiff can perform is supported by substantial evidence in the Record as a whole.

Plaintiff's narrow challenges are rejected and the Commissioner's final decision denying benefits is affirmed.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
DATE: August 16, 2010            UNITED STATES DISTRICT COURT